# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORENZO VERROS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1009** |
| | : | |
| **FEDERAL DETENTION CENTER,** | : | |
| **FDC PHILADELPHIA,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**BEETLESTONE, C.J.**                                          **MARCH  13  , 2026**

Plaintiff Lorenzo Verros, who is currently detained at SCI-Camp Hill, brings this *pro se*

civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971),[1] based on allegations that his constitutional rights were violated while he

was housed at the Federal Detention Center in Philadelphia ("FDC").  For the following reasons,

the Court will dismiss this matter because there is no *Bivens* remedy available to Verros.

### I.    FACTUAL ALLEGATIONS[2]

---

[1] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'"  *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] The following factual allegations are taken from Verros's Complaint.  The Complaint consists of the court's standard form for use by prisoners filing a complaint for violation of civil rights which is dated January 31, 2026, and was received by the Court on February 13, 2026.  (ECF No. 1 ("Compl.") at 11.)  Verros also filed a "Motion to Add Another Defendant Form with Additional Defendants," which was received by the Court before the Complaint.  (ECF No. 3.)  Additionally, Verros filed a "Motion to Except Supporting Case Law and Statement from Pro-Se Plaintiff," which has a filing date of March 5, 2026.  (ECF No. 6).

Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "[i]n general, an amended pleading supersedes the original pleading and renders the original pleading a nullity."  *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted).  While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings."  *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Bryant v. Raddad*, No.

The events at issue allegedly occurred on November 6, 2024, while Verros was held as a pretrial detainee at FDC.[3]  (*See* Compl. at 5.)  Named as Defendants in the Complaint are FDC, Lieutenant Lawson, Lieutenant Burnton, and C.O. Kaiser.  (*Id.* at 2-3.)  Verros's Motion to Amend seeks to add C.O. Rispurdale as a Defendant, as well.  (ECF No. 3 at 2.)

Verros claims that Lieutenant Lawson, C.O. Kaiser, Lieutenant Burnton, C.O. Rispurdale, and C.O. K. Espinal, who is not listed as a Defendant, and "about a dozen other guards" attacked Verros and his cellmate in their cell.  (Compl. at 5.)  He alleges he was punched in the face, neck, and stomach while in his cell, was taken out of the cell and restrained with chains and a black box turned the wrong way, and was knocked down and further kicked and beaten.  (*Id.*)  Verros was seen by Nurse Kistler several times over the following days for head, neck, and face contusions.  (*Id.*)  Verros asserts that he was restrained in the described manner for eight hours and that Nurse Kistler begged Lieutenant Lawson to loosen or remove the restraints, but he refused.  (*Id.*)  Verros contends that while he was restrained, his blood pressure and heart rate were elevated and he feared for his life.  (*Id.*)  According to Verros, he suffered

---

21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations and citation omitted)).  Nonetheless, the Court will grant the motions that seek to supplement the initial Complaint and will consider the submissions docketed at ECF Nos. 3 and 6 when screening his claims pursuant to 28 U.S.C. § 1915(e)(2)(B), as the additional documentation does not alter the Court's analysis.  The Court adopts the sequential pagination supplied to Verros's submissions by the CM/ECF docketing system.

[3] Although Verros checked the box on the form Complaint to indicate that he was a convicted and sentenced prisoner, the docket for Verros's federal criminal case reflects that he was a pretrial detainee at the time of the relevant events, since he was not sentenced until January 8, 2025.  *See United States v. Verros*, Crim. A. No. 24-166 (E.D. Pa.) (ECF No. 51); *see also Stevenson v. Carroll*, 495 F.3d 62, 67 (3d Cir. 2007) (explaining that prisoners who are convicted but not sentenced are treated as pretrial detainees); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (the court may consider matters of public record).

physical and mental abuse in violation of his constitutional rights.  (*Id.*)  As relief, he seeks

monetary damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Verros leave to proceed *in forma pauperis* because it appears that he

is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state

a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275,

286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged

in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask

only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by*

*Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.

*Iqbal*, 556 U.S. at 678.  As Verros is proceeding *pro se*, the Court construes his allegations

liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

*Bivens* provides a judicially recognized damages remedy for constitutional violations

committed by federal actors in highly limited circumstances.  *Egbert v. Boule*, 596 U.S. 482, 486

(2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017).  The United States Supreme Court has recognized an implied private action against federal officials in only three cases:  (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment.  *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 582 U.S. at 131 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself.").  Since 1980, the Supreme Court has declined more than ten times to extend *Bivens* to cover other constitutional violations.  *Goldey v. Fields*, 606 U.S. 942, 942 (2025) (*per curiam*).  These cases "have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts."  *Id.* at 942-43 (internal quotation omitted); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

"To determine whether a *Bivens* claim may proceed, the [Supreme] Court has applied a two-step test."  *Goldey*, 606 U.S. at 944.  "First, [courts] ask whether the 'case presents a new *Bivens* context'—*i.e.*, whether the 'case is different in a meaningful way from previous *Bivens* cases decided by' the Supreme Court"—using only *Bivens*, *Davis*, and *Carlson* as a benchmark as well as a "broad" understanding of what constitutes a new context.  *Kalu v. Spaulding*, 113

F.4th 311, 326 (3d Cir. 2024) (quoting *Abbasi*, 582 U.S. at 139).  The non-exclusive list of factors to consider here includes:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* (quoting *Abbasi*, 582 U.S. at 139-40).  "Whether a context is new is an easily satisfied test because a modest extension of the *Bivens* action is still an extension, meaning even significant parallels to one of the Supreme Court's previous *Bivens* cases may not be enough."  *Henry v. Essex Cnty.*, 113 F.4th 355, 361 (3d Cir. 2024) (cleaned up); *see also Fisher*, 115 F.4th at 206 ("[A] case can differ meaningfully from *Bivens, Davis*, and *Carlson* even when it involves the same constitutional right as one of those cases." (citation omitted)).

If the context is new, courts proceed to the second step of the inquiry, which asks whether there are special factors indicating that "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed."  *Goldey*, 606 U.S. at 944 (cleaned up).  This analysis is "anchored in 'separation-of-powers principles.'"  *Id.* (quoting *Abassi*, 582 U.S. at 135).  In *Egbert*, the Supreme Court observed that the two-part test "often resolve[s] to a single question" of "whether there is any reason to think that Congress might be better equipped to create a damages remedy."  596 U.S. at 492; *see also Muniz v. United States*, 149 F.4th 256, 261 (3d Cir. 2025) ("[I]n *Egbert v. Boule*, the Supreme Court clarified that a new context arises even under the first step when potential special factors that previous *Bivens* cases did not consider are presented and those factors counsel hesitation -- extending a step-two-like special factors analysis to the first step." (internal quotation marks omitted)).  The United States Court of Appeals for the Third Circuit distilled *Egbert* to require

5

the following:  "unless a case is indistinguishable from *Bivens*, *Davis*, or *Carlson*, a damages

remedy may be created by Congress, but not by the courts."  *Fisher*, 115 F.4th at 205.

Verros's Complaint asserts that his Eighth Amendment rights were violated when he was

subjected to excessive force by prison guards, and by the manner in which he was restrained

after the incident.  (*See* Compl. at 5; ECF No. 6 at 2.)  Although Verros asserts that his claims are

based on the Eighth Amendment, the Fifth Amendment applies to the claims of pretrial

detainees.  *See Bell v. Wolfish*, 441 U.S. 520, 530, 541 (1979) (applying the Fifth Amendment to

claims challenging conditions of pretrial detention); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d

Cir. 2005) (stating the Due Process Clause of the Fifth Amendment governs conditions of

confinement claims brought by pretrial detainees in federal custody).  In any event, the excessive

force and conditions-of-confinement claims present new *Bivens* contexts because they differ in

meaningful ways from the claims at issue in *Bivens*, *Davis*, and *Carlson*.  *See Fields v. Fed.*

*Bureau of Prisons*, No. 24-2329, 2025 WL 2409060, at *1-2 (3d Cir. Aug. 20, 2025) (*per*

*curiam*) (stating that excessive force and conditions-of-confinement claims, *inter alia*, present

new *Bivens* contexts); *see also Abbasi*, 582 U.S. at 148 (noting the distinction between claims

based on the Eighth Amendment and claims based on the Fifth Amendment in the first step of

the *Bivens* analysis, ultimately declining to extend *Bivens* to claims of detainee mistreatment).

Further, special factors, such as the Bureau of Prisons ("BOP") administrative remedy

program ("ARP"), *inter alia*, counsel against extending the *Bivens* remedy to Verros's claims.

*See Muniz*, 149 F.4th at 264 ("[I]n addition to creating a new context at step one, the BOP ARP

forecloses the need to fashion a new, judicially crafted cause of action at the second step as

well." (cleaned up)); *Fisher*, 115 F.4th at 208 (stating the existence of the BOP ARP "precludes

a *Bivens* remedy" (citations omitted)); *see also Fields,* 2025 WL 2409060, at *2 ("[E]xtending

*Bivens* to allow Eighth Amendment claims for excessive force, confinement conditions, and failure to protect would substantially burden prison operations." (citations omitted)); *id.* at *3 ("[T]he existence of an alternative remedial structure also counsels against extending *Bivens*, even if we assume that prison employees did not afford . . . [the plaintiff] adequate opportunities to utilize the prison's grievance system." (citations omitted)).

Accordingly, the Court may not imply a *Bivens* remedy to the claims at issue in the case at bar and Verros may not proceed.  *See Petoff v. Delmonico*, No. 24-2933, 2025 WL 2986371, at *2 (3d Cir. Oct. 23, 2025) (*per curiam*) (finding that an Eighth Amendment excessive force claim against prison guards was not cognizable under *Bivens* (citing *Goldey*, 606 U.S. at 944)); *Kalu*, 113 F.4th at 337-40 (holding Eighth Amendment conditions-of-confinement claim "is ineligible for *Bivens* remedies").

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Verros *in forma pauperis* status and will dismiss his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Verros will not be given leave to amend because he cannot cure the deficiencies in his claims.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints should be denied with leave to amend "unless amendment would be inequitable or futile" (citation omitted)).  The motion for appointment of counsel (ECF No. 7) will be denied as moot.

An Order follows, which shall be docketed separately.

BY THE COURT:

S/ WENDY BEETLESTONE

WENDY BEETLESTONE, C.J.

7